ACCEPTED
04-12-00630-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/1/2015 3:48:01 PM
KEITH HOTTLE
CLERK

**NO. 04-12-00630-CV**

THE HUFF ENERGY FUND, L.P., WRH ENERGY PARTNERS, L.L.C.,
WILLIAM R. "BILL" HUFF, RICK D'ANGELO, AND
RILEY-HUFF ENERGY GROUP, LLC,

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
6/1/2015 3:48:01 PM
KEITH E. HOTTLE
Clerk

APPELLANTS,

vs.

LONGVIEW ENERGY COMPANY,

APPELLEE.

## APPELLANTS' JOINT ORAL ARGUMENT BENCH BOOK FOR EN BANC ARGUMENT JUNE 3, 2015

CROFTS & CALLAWAY, P.C.
Sharon E. Callaway
sharonc@ccjappellate.com
State Bar No. 05900200
613 N.W. Loop 410, Suite 800
San Antonio, Texas 78216-5509

BROCK PERSON GUERRA REYNA, P.C.
Ricardo R. Reyna
rreyna@bpgrlaw.com
State Bar No. 16794845
17339 Redland Road
San Antonio, Texas 78247-2302

PAMELA STANTON BARON
psbaron@baroncounsel.com
State Bar No. 01797100
Post Office Box 5573
Austin, Texas 78763

DARYL L. MOORE, P.C.
Daryl L. Moore
daryl@heightslaw.com
State Bar No. 14324720
1005 Heights Boulevard
Houston, Texas 77008

BAKER BOTTS L.L.P.
Thomas R. Phillips
tom.phillips@bakerbotts.com
State Bar No. 00000102
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4078

FULBRIGHT & JAWORSKI L.L.P.
Dean V. Fleming
dean.fleming@nortonrosefulbright.com
State Bar No. 07122100
Michael W. O'Donnell
mike.odonnell@nortonrosefulbright.com
State Bar No. 24002705
Jeffrey A. Webb
jeff.webb@nortonrosefulbright.com
State Bar No. 24053544
300 Convent Street, Suite 2100
San Antonio, Texas 78205

# TABLE OF CONTENTS

Tab 1    Longview's "Hypothetical" Plan

Tab 2    Riley Already Knew and Planned to Buy From Ford and Wyldfire

Tab 3    Longview's CEO: Ford Selling to Anyone

Tab 4    Longview's Pearce: Plenty of Acreage

Tab 5    Lober Line drawn in red onto Fly Like an Eagle public map

Tab 6    Longview Failed to Plead a Separate Competition Claim

Tab 6    Maximum Award Under the Jury Verdict is $10.5 Million

Tab 8    The Judgment Ignores the Jury Verdict

Tab 9    Longview's Counsel: Jury Charge re Production Costs

Tab 10   Longview's Counsel: Closing Argument re Production Costs

Tab 11   Restatement (Third) of Restitution and Unjust Enrichment § 55

Tab 12   Texas Rule of Civil Procedure 279

Tab 13   Defendants' Objection to Question 5

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 1, 2015, a true and correct copy of the Joint Oral Argument Bench Book has been served upon the following counsel of record by e-service:

GARDERE WYNNE SEWELL LLP
Craig B. Florence
Randy D. Gordon
Stacy R. Obenhaus
Rachel Kingrey
1601 Elm Street, Suite 3000
Dallas, Texas 75201

WATTS GUERRA LLP
Mikal C. Watts
Francisco Guerra IV
Four Dominion Drive
Building 3, Suite 100
San Antonio, Texas 78257

*/ s / Thomas R. Phillips*
Thomas Phillips

# Longview's "Hypothetical" Plan
## (36 RR PX-369)

- Acquire 21,000 acres in 7 prospects (3,000 acres each) for $42 million

- 5 prospects to be in the gas-condensate window and 2 in the dry-gas window

- Joint venture with industry partner reducing interest by 50% (yielding 10,500 net acres)

- Drill one well per prospect at a rate of 2 wells per quarter at cost of $5.5 million per well

# Riley Already Knew and Planned to Buy From Ford and Wyldfire (35 RR PX-65)

In a December 18, 2009 email, D'Angelo asked Riley:

Have you heard of a broker out of Ft. Worth called Wildfire.....or a Pat Goodin...?

Riley immediately responded:

Pat Goodin is in Houston. Worked on Edwards play in Bastrop and Caldwell County Texas. Don't think he is associated with Wildfire. Wildfire is Tamara Ford out of Pala Pinto County. Two counties west of Tarrant County. She has buyers on the ground is spending some of her own money she is the real deal. Wildfire is the group we would use to buy acreage when we get to that point.

## Longview's CEO: Ford Selling to Anyone
## (29 RR 140)

Q   Based on your understanding in late 2009, was Ms. Ford trying to broker this land to anyone who was willing to pay for it?

A   Yes.

## Longview's Pearce: Plenty of Acreage
## (19 RR 21)

Q        Okay. So if you could -- is it fair to say that there's plenty of acreage out there for Longview's plan?

A        Yes.

Q        And even if we assume for the moment, for the sake of argument, that not all that acreage was there because of Riley-Huff or some other entity bought it, there's plenty of acres to purchase?

A        But it was changing daily, but at that point in time, Tamara Ford suggested that there was plenty of acreage to be purchased in those counties.

# Lober Line (from 47 RR DX656)
## drawn in red onto
## Fly Like An Eagle public map (36 RR PX1001-27)





PLAINTIFF'S
EXHIBIT
1001-27
Case No. 423876

Record Copy
MAY 23 2012
EC

# Longview Failed to Plead a Separate Competition Claim
# (5 CR 1865)

### III.     Claims

**A.     Breach of Fiduciary Duty/Usurpation of Corporate Opportunity**
**(Against Huff and D'Angelo)**

55.     D'Angelo and Huff owe Longview a duty of loyalty.

56.     Longview was financially able to exploit the Eagle Ford opportunity.

57.     The Eagle Ford opportunity was within Longview's line of business.

58.     Longview had an interest or expectancy in the Eagle Ford opportunity.

59.     By diverting the Eagle Ford opportunity to themselves, D'Angelo and Huff placed themselves in a position of conflict or competition with Longview.

60.     D'Angelo and Huff breached their fiduciary duties to Longview by usurping the Eagle Ford opportunity and misusing proprietary information supplied by Longview in regard to the Eagle Ford.

61.     D'Angelo and Huff acted with malice.

62.     D'Angelo and Huff's breaches of duty and usurpation of Longview's opportunity proximately caused Longview injury and damages.

# Maximum Award Under The Jury Verdict is $10.5 Million

**$42,000,000 Property Value**

**$120,000,000 Past-Production Revenues**

**$24,500,000 Property Cost**

**$127,000,000 Past-Production Costs**

**$17,500,000**

**(-$7,o00,000)**

**$10,500,000 Net Profit**

# The Judgment Ignores The Jury Verdict

| | |
|---|---|
|  $42,000,000 Property Value | $120,000,000 Past-Production Revenues |
| $24,500,000 Property Cost | $127,000,000 Past-Production Costs |
| (-$24,500,000) | $120,o00,000 |

$95,500,000 Award

# Longview's Counsel: Jury Charge re Production Costs (32 RR67)

MS. CALLAWAY: The Huff Defendants object to Question Number 8 for the following reasons: First, the valuation should be based on the net of production cost and expenses, including taxes . . . .

MR. WOHLFORD: I point out that that is taken into account by Question 9.

# Longview's Counsel: Closing Argument re Production Costs (33 RR 42-43)

MR. WATTS: What did Riley-Huff Energy Group pay to develop the assets it acquired? We've got that answer as well. Basically, you would add the drilling and completion, add it to the operating expenses for the leases, and that would be $261,850,000. So you would write in 261.8.

# Restatement (Third) of Restitution and Unjust Enrichment § 55

If a defendant is unjustly enriched by the acquisition of title to identifiable property at the expense of the claimant or in violation of the claimant's rights, the defendant may be declared a constructive trustee, for the benefit of the claimant, of the property in question and its traceable product.

The obligation of a constructive trustee is to surrender the constructive trust property to the claimant, on such conditions as the court may direct.

_____

Comments

*g. Requirements of constructive trust: identification and tracing.*
Constructive trust permits the claimant to assert ownership of (i) specifically identifiable property for which the defendant is liable in restitution or (ii) its traceable product by the rules of §§ 58-59.

**A claimant who can show unjust enrichment, but who cannot identify such property in the hands of the defendant, is not entitled to the remedy of constructive trust.**

This **fundamental limitation**, commonly referred to as the **"tracing requirement,"** applies in one form or another to all the principal means of specific relief in restitution (constructive trust, equitable lien, subrogation).

# Texas Rules of Civil Procedure Rule 279
# Omissions From the Charge

Upon appeal all **independent grounds of recovery** or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived.

When a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery or defense, and **necessarily referable** thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, **without request or objection**, and there is **factually sufficient** evidence to **support a finding** thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted element or elements in support of the judgment.

If no such written findings are made, such omitted element or elements shall be **deemed** found by the court in such manner as to support the judgment.

## Defendants' Objection to Question 5
## (32 RR 62-63)

There is no identifiable X property here that belonged to Longview and which was taken from Longview by Huff or D'Angelo and placed under the control of Riley Huff. . . .

Longview's claim for a constructive trust fails because it cannot trace by strict proof or otherwise something misappropriated from it to an identifiable res.